UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRELL LEON FORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:03-CV-1000-G |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the application of the petitioner, Darrell Leon Ford ("Ford"), for a writ of habeas corpus. For the reasons discussed below, Ford's petition is denied.

I. BACKGROUND

Ford was convicted in Texas state court for the felony offense of burglary of a habitation. Respondent [Dretke]'s Answer with Brief in Support ("Answer") at 1-2; Petitioner[']s Memorandum Brief in Support of Petition for Writ of Habeas Corpus

("Ford's Memorandum") at 2. After the jury found him guilty, Ford was sentenced to a term of forty years imprisonment. Answer at 2; Ford's Memorandum at 2. His conviction was affirmed by the Fifth Court of Appeals of Texas. Answer at 2; Ford's Memorandum at 2. Ford filed a petition for discretionary review in the Texas Court of Criminal Appeals on August 6, 2002. Answer at 2. On September 11, 2002, his petition was refused. *Id.*; Ford's Memorandum at 2.

Ford filed the instant petition on May 12, 2003. *See generally* Petition for a Writ of Habeas Corpus by a Person in State Custody.

## II. ANALYSIS

Ford asserts five grounds for habeas relief: (1) the trial court erred by failing to include a definition of "reasonable doubt" in its charge to the jury; (2) the evidence was legally insufficient to support his conviction; (3) the evidence was factually insufficient to support his conviction; (4) the trial court improperly commented on the weight of the evidence; and (5) the trial court erred by overruling his motion to suppress his confession. Ford's Memorandum at 2-3.

### A. Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment that was adjudicated on the merits will be granted only if that person shows that the prior adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A decision is contrary to clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but unreasonably applies it to the facts of the case. *Williams*, 529 U.S. at 407-08. This standard is to be applied objectively. *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002) (en banc) (per curiam), *cert. denied*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 485. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

B.  Failure to Define "Reasonable Doubt"

Ford's first ground for relief is that "[t]he trial court erred by failing to define reasonable doubt in the charge to the jury at the guilt/innocence phase of the trial." Ford's Memorandum at 3.  In support, Ford argues that the trial court erred by retroactively applying the Texas Court of Criminal Appeal's decision in *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000), to his case. *Id*. at 4.  In *Paulson*, the court held that a defendant has no right to a "reasonable doubt" definition in the jury charge, and that the court may only include such a definition if both parties agree. 28 S.W.3d at 573.  Several years prior to *Paulson*, however, the United States Supreme Court held that there is no federal constitutional requirement that reasonable doubt be defined in a jury charge.  *Victor v. Nebraska*, 511 U.S. 1, 5 (1994).  Thus, application of *Paulson* to Ford's case was not contrary to, or an unreasonable application of, clearly established federal law.[1]  *See* 28 U.S.C. § 2254(d)(1).  Ford has not shown he is entitled to habeas relief on this claim.

C.  Insufficiency of Evidence at Trial

In his second and third claims for relief, Ford asserts that the evidence at trial was legally and factually insufficient to prove his guilt.  Ford's Memorandum at 7-11. To review the *legal* sufficiency of the evidence, a federal court must consider whether,

---

[1] Even as a matter of state law, retroactive application of *Paulson* has been affirmed by Texas appellate courts.  See, *e.g.*, *Bordman v. State*, 56 S.W.3d 63, 73 (Tex. App. - Houston [14th Dist.] 2001, pet ref'd).

viewing all the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original). The court must determine if the evidence at trial satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991) (quoting *Jackson*, 443 U.S. at 324 n.16). "This court need not find that the evidence excluded every reasonable hypothesis of innocence or was wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could have found that the evidence, whether direct or circumstantial, and all reasonable inferences drawn from it established guilt beyond a reasonable doubt." *Else v. Dretke*, No. 3:02-CV-1188-P, 2005 WL 600229 at *4 (N.D. Tex. March 14, 2005) (citing *United States v. Salazar*, 958 F.2d 1285, 1294 (5th Cir.), *cert. denied*, 506 U.S. 863 (1992)), report and recommendation adopted, 2005 WL 910525 (N.D. Tex. April 19, 2005).

The Fifth Court of Appeals of Texas held that Ford's voluntary statement -- admitting to pulling the screen off of the victim's window, breaking the window with a rock, and reaching in to the apartment to unlock the window -- was sufficient to show that Ford entered the victim's apartment. *Ford v. State*, No. 05-01-00196-CR, 2002 WL 1018568 at *1 (Tex. App. -- Dallas 2002, pet. ref'd). This court agrees. Ford's statement admits two of the necessary elements of "Burglary of a Habitation"

under the Texas Penal Code: "[(1)] enter[ing] a habitation . . . [(2) which is] not then open to the public." *See* TEX. PEN. CODE § 30.02 (Vernon's 2003). Moreover, his statement was sufficient for the jury to infer the remaining element, "intent to commit a felony, theft, or an assault."[2] Accordingly, Ford's claim that the evidence at trial was legally insufficient to support his conviction is without merit.

"[A] claim based on *factually* insufficient evidence is not cognizable under 28 U.S.C. § 2254." *Daisy v. Dretke*, No. 3:04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (emphasis added). "The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority." *Id.* "There is no corresponding right of review under the United States Constitution." *Id.* Accordingly, Ford's claim that the evidence is factually insufficient to support his conviction is not a cognizable basis for habeas relief.

---

[2]    Ford's statement reads in part:

> Today, around 1130 or so, I went by and stopped on the side of some apartments on Hilltop. I needed money for my parole payments and I needed money to live on.

It then proceeds to describe the break-in.

State's Brief in *Ford v. State*, No. 05-01-00196-CR in the Texas Court of Appeals (filed Mar. 25, 2002).

D. <u>Improper Comment on the Weight of the Evidence</u>

Ford's fourth ground for habeas relief is that the trial court impermissibly commented on the weight of the evidence by instructing the jury that "intent may be inferred from acts done, words spoken, or both." Ford's Memorandum at 15.

The state court of appeals rejected this argument on direct appeal. *Ford v. State*, 2002 WL 1018568 at *2. While Texas courts are prohibited from commenting on the weight of the evidence as a matter of state law, TEX. CODE CRIM. PROC. ANN. Art. 36.14 (Vernon Supp. 2005), this court must defer to the state courts on matters of state statutory interpretation. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (per curiam). A federal court, on habeas review, searches only for violations of federal law. *Fiero v. Lynaugh*, 879 F.2d 1276, 1278 (5th Cir. 1989), *cert. denied*, 494 U.S. 941 (1990). This claim -- of improper comment on the weight of the evidence -- does not involve a violation of federal law. See *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (holding incorrect instruction under state law is not a basis for habeas relief). To the contrary, under federal law a trial judge has the power to comment on the weight of the evidence. *E.g.*, *United States v. Johnson*, 718 F.2d 1317, 1324-25 (5th Cir. 1983) (en banc).

Habeas relief on this claim must therefore be denied.

### F. Denial of Ford's Motion to Suppress

In his fifth, and final, ground for habeas relief, Ford argues that the trial court erred by denying his motion to suppress his confession. Ford's Memorandum at 18-21. Ford asserts that his confession was involuntary due to intoxication. *Id.* at 18. More specifically, Ford asserts that he was intoxicated at the time he gave his statement to the police because of his use of PCP earlier that morning. The arresting officer testified, however, that he was never under the impression that Ford was intoxicated, and that he believed Ford was aware of the consequences when he submitted his confession.

"Intoxication, while relevant, does not render a confession involuntary *per se*." *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997). "Instead, the question becomes whether the defendant's intoxication rendered him incapable of making an independent, informed decision to confess." *Id*. A trial court's findings regarding the credibility of witnesses should be given great deference. See *Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992), *cert. denied*, 507 U.S. 996 (1993). As stated in the respondent's answer, it appears that Ford is merely expressing his displeasure with the trial court's finding of fact regarding his capability of making a valid confession. Answer at 22. He has failed to offer any evidence, however, to rebut the presumption in favor of the trial court's determination. Ford's fifth ground for relief, therefore, must be denied.

III.  CONCLUSION

For the reasons stated above, Ford's petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED**.

May 9, 2005.

_____
A. JOE FISH
CHIEF JUDGE